UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| DANNIE RAINEY, ) | CASE NO. 3:09 CV 343 |
| ) | |
| Plaintiff, ) | JUDGE DAVID A. KATZ |
| ) | |
| v. ) | |
| ) | <u>OPINION AND ORDER</u> |
| OFFICER JOHN POWELL, ) | |
| ) | |
| Defendant. ) | |

<u>Pro se</u> plaintiff Dannie Rainey filed the above-captioned action under 42 U.S.C. §1983 against Sandusky Police Officer John Powell. In the complaint, plaintiff alleges Officer Powell lacked probable cause to initiate the traffic stop of his vehicle. He seeks compensatory and punitive damages. Plaintiff also filed an Application to Proceed <u>In Forma Pauperis</u>. That Application is granted.

**Background**

Mr. Rainey alleges that he was driving westbound on Filmore Street in Sandusky, Ohio on February 6, 2008. He describes Filmore Street as a two lane side street between two major roadways. He indicates that vehicles are permitted to park on the westbound side of the street, which sometimes necessitates veering left of the center line to avoid a collision with a parked car.

He contends he was traversing this street at 1:30 a.m. during a period of heavy rain. He states he was left of the center line because he was trying to avoid the parked cars. At the end of Filmore Street, he passed Officer Powell. He made several turns before he Officer Powell signaled for him to pull to the side of the road. When the officer approached the car, he noticed an open container of alcohol. He asked Mr. Rainey to exit the vehicle for a field sobriety test, however, the heavy rain made it difficult to conduct the observation. Instead, Officer Powell administered a breathalizer which indicated Mr. Rainey had a blood alcohol level of .085, beyond the legal limit. His driver's license was confiscated, and he was arrested.

Mr. Rainey was charged with driving under the influence of alcohol, and driving left of center. He entered into a plea agreement at a pretrial hearing on February 12, 2009. The charge of driving under the influence was amended to failure to control. The charge of driving left of center was dismissed. He does not state his full sentence in the case, but does indicate that his license was suspended for some period of time. Mr. Rainey asserts that because he was initially stopped for driving left of center, the dismissal of that charge removes the probable cause for his conviction on the other charge. He seeks reinstatement of his driver's license, and monetary damages.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

A person may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Rainey asserts claims which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claim therefore must be dismissed.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.